**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-30096 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-02053-SAB-1 |
| v. | |
| GEORGE SKYLAR CLOUD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, Chief District Judge, Presiding

Argued and Submitted October 8, 2020
Seattle, Washington

Before:  GILMAN,[**] CALLAHAN, and CHRISTEN, Circuit Judges.

George Skylar Cloud appeals his conviction and sentence for first-degree murder and discharging a firearm during a crime of violence, in violation of 18 U.S.C. §§ 1111, 924(c).  He challenges several of the district court's pre-trial and evidentiary rulings.  We have jurisdiction under 28 U.S.C. § 1291, and, finding no

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

prejudicial error, we affirm.

1. Cloud first contends that the court erred in admitting evidence that, just weeks before the murder, he stole a car at gunpoint and shot the carjacking victim in the leg. The carjacking and firearm possession were "inextricably intertwined" with the charged offense, however, because they "bore directly on the commission of the charged crimes." *United States v. Dorsey*, 677 F.3d 944, 952 (9th Cir. 2012). The car Cloud stole—which he alone used—was found abandoned in a remote location near the victim's remains, with traces of the victim's blood in the trunk. As for Cloud's possession of the firearm, it showed that he "had the means to commit the charged crimes." *Id.* The fact that Cloud shot the carjacking victim presents a closer question, but any error in this regard was harmless. *See United States v. Liera*, 585 F.3d 1237, 1244 (9th Cir. 2009). The car established Cloud's ties to the murder, two witnesses testified that Cloud confessed to the crime, and one of those witnesses recounted helping Cloud hide the victim's body. In addition, the court gave the jury a limiting instruction, thereby minimizing any resulting prejudice. *See United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995); *see also Dorsey*, 677 F.3d at 955 (entertaining a "strong presumption that jurors follow instructions").

2. Cloud next faults the court for admitting evidence that he intended to escape from prison and possessed two shanks. But such evidence is probative of a

2

defendant's "consciousness of guilt." *United States v. Guerrero*, 756 F.2d 1342, 1347 (9th Cir. 1984); *see also United States v. Bartelho*, 129 F.3d 663, 677–78 (1st Cir. 1997). According to a fellow inmate, an already-imprisoned Cloud formulated his escape plan in response to being charged with the victim's murder. *See Guerrero*, 756 F.2d at 1342 (finding evidence of a prison escape particularly relevant where the escape occurred one day prior to the defendants' arraignment). As for the shanks, they corroborated the inmate's testimony and were relevant to Cloud's intent and plans. The court therefore did not err in admitting this evidence.

3. Nor did the court abuse its "wide discretion" in ordering Cloud shackled during the trial. *See United States v. Fernandez*, 388 F.3d 1199, 1245 (9th Cir. 2004) (quoting *Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994)). The court found that Cloud posed a safety risk based on his extensive criminal history and prior intent to escape from prison. The court also took steps to minimize the prejudicial impact of the restraints, ordering Cloud shackled only at the ankle and in such a way that was neither audible nor visible to the jury. This careful, case-specific consideration of whether to require restraints defeats Cloud's challenge to their imposition. Contrary to Cloud's assertion, the court need not have waited for disruptive courtroom behavior before ordering him restrained. *See, e.g., United States v. Cazares*, 788 F.3d 956, 965 (9th Cir. 2015) (upholding the imposition of

3

restraints where the defendants were members of a violent gang and were facing life sentences).

4. The court properly denied Cloud's motion to dismiss the indictment. Cloud contends that the Government violated his due process rights by failing to secure and preserve the trailer in which the victim was killed. He does not explain the trailer's exculpatory value, however, and the failure to preserve potentially exculpatory evidence rises to a due process violation only if the Government acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 57–58 (1988). Cloud offers no evidence of bad faith and, before the district court, argued only that the Government's purported negligence should suffice given the severity of the sentence faced. But negligence is insufficient, *see United States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011), and Cloud cites no authority in arguing for a different rule in murder cases. Thus, even assuming that the Government should have preserved the trailer, it did not violate Cloud's due process rights by failing to do so.

5. Finally, Cloud insufficiently developed and therefore waived his argument that first-degree murder is not a "crime of violence" for purposes of his 18 U.S.C § 924(c) conviction. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief."). He states that, under *United States v. Begay*, 934 F.3d

1033 (9th Cir. 2019), where we held that second-degree murder is not a categorical crime of violence, the district court should have dismissed the firearm charge. But he fails to explain how *Begay* might apply to first-degree murder, and his "bare assertion does not preserve [his] claim." *Greenwood*, 28 F.3d at 977.

**AFFIRMED.**